Alan L. Rosen Esq., State Bar No.: 67328
ROSEN and LOEB
2659 Townsgate Road, Suite 136
Westlake Village, CA 91361
(805) 777-0066; Fax (805) 777-7654

Attorneys for Plaintiffs ROBERT JAFFEE and BARBARA JAFFEE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAFFEE and BARBARA JAFFEE<br><br>Plaintiff,<br><br>vs.<br><br>RUDOLPH CARRYL aka RUDY CARRYL; CARRYL CAPITAL MANAGEMENT, LLC and DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1.    RICO-Violation of 18 U.S.C. Sec. 1962( c)<br>2.    RICO-Violation of 18 U.S.C. Sec. 1962( d) by Conspiracy to Violate Sec. 1962( c)<br>3.    **Fraud and Deceit**<br>4.    **Breach of Fiduciary Duty**<br>5.    **Conversion** |

ROBERT JAFFEE and BARBARA JAFFEE, by its undersigned attorneys, hereby bring this action for RICO violations, Fraud and Deceit and Breach of Fiduciary Duties, Conversion against RUDOLPH CARRYL aka RUDY CARRYL and CARRYL CAPITAL MANAGEMENT, LLC. as follows:

## THE PARTIES

1. Plaintiffs ROBERT JAFFEE and BARBARA JAFFEE are husband and wife and residents of the County of Los Angeles in the Central District of California.

2. Plaintiffs are informed and believe and upon that basis allege that Defendant

-1-

COMPLAINT

RUDOLPH CARRYL aka RUDY CARRYL was and is a resident of the State of New York and CARRYL CAPITAL MANAGEMENT is a limited liability company located in the State of New York and which RUDOLPH CARRYL aka RUDY CARRYL is the Managing Member.

3. Plaintiff is unaware of the true names and capacities of defendants named herein as DOES 1 through 20, inclusive, and therefore sues them by such fictitious names. Leave of the court will be sought to allege their true names and capacities when they have been ascertained.

4. At all times herein mentioned, each of the defendants was the agent, servant and employee of the remaining defendants, and was at all times acting within the purpose and scope of said agency, service and employment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims for relief in this action under 18 U.S.C Section 1964(a) and subject matter jurisdiction over this action under 28 U.S.C. 1332 (a) (1).

6. Venue is proper in the District pursuant to 28 U.S.C. 1391(b)(2).

## FACTUAL BACKGROUND

7. In or about 2011, when Plaintiffs were looking for a new investment advisor to handle their portfolio, they were introduced to Defendant RUDOLPH CARRYL of CARRYL CAPITAL MANAGEMENT and after several meetings with him to discuss investment philosophies, Plaintiffs transferred their portfolio to Defendants.

8. On or about January 23, 2012, Defendant CARRYL, by phone and email, solicited from Plaintiffs, a "Special Situation Investment" of $1.25 million for a pediatric unit being built at the North Shore Long Island Jewish Medical Center, where Defendant CARRYL was a long term trustee and headed up the finance committee at one time. Defendant CARRYL also advised that CARRYL CAPITAL MANAGEMENT would also be investing in the project and the investment would return a handsome profit of at least thirty (30%) percent and would be returned to Plaintiffs in November 2012.

9. Relying on the representations of Defendants, in or about January 2012, Plaintiffs

1 | wire transferred to Defendants the sum of $1.25 million.

2 |     10. In September 2012, Defendant CARRYL again approached Plaintiffs with another "Special Situation Investment" opportunity to again invest in the North Shore Long Island Jewish Medical Center and represented that this investment would yield at least ten (10%) percent and would be returned by December 2012, just three (3) months later.

    11. Again relying on the representations of Defendants, Plaintiffs wire transferred another $200,000.00 to Defendants for this second special situation investment.

    12. On December 10, 2012, Plaintiffs received an email from Defendant CARRYL wherein he advised that the Special Situation Investment of $1.25 million from January 2012 had returned 32.1% over a ten (10) month period which translated into a a gain of $401,250.00 and funds totaling $1,651,250.00 would be wired to Plaintiffs bank account on December 24, 2012.

    13. As of this date, the funds which were to be wired on December 24, 2012 have not been received nor has there been a return of the $200,000.00 Special Situation Investment from September 2012.

    14. Between December 27, 2012 and March 2013, Plaintiffs made numerous demands upon Defendants for return of their funds, but Defendants have failed and refused and continue to fail and refuse to take said action.

    15. Plaintiffs are informed and believe and upon that basis allege that none of the funds which were solicited by Defendants in January 2012 and September 2012 was used for the pediatric unit of said hospital as represented and the solicitations were for the express purpose of Defendants securing funds under false pretenses to pay their own personal obligations with other creditors.

**FIRST CLAIM FOR RELIEF**

(RICO-Violation of 18 U.S.C. Sec. 1962 ( c ) )

Against All Defendants

    16. Plaintiffs incorporate by reference all the foregoing paragraphs 1 through 15 as though fully set forth herein.

3

17. Plaintiffs are "persons" within the meaning of 18 U.S.C. Section 1961 (3) and 1964 ( c).

18. Each and every one of the Defendants and other participants, known and unknown, are and at all times relevant hereto, have been a "person" or "persons" within the meaning of 18 U.S.C. Sections 1961(3) and 1964(b).

19. Each and every one of the Defendants and other participants, known and unknown, were at all times herein an "enterprise" associated in fact within the meaning of 18 U.S.C. Section 1961(4) and 1962, which was engaged in and the activities of which affected interstate commerce at all relevant times to this Complaint.

20. For the purpose of executing, attempting to execute and in furtherance of the above-described scheme, during the years 2012 and continuing to the present, Defendants and other participants, known and unknown, knowingly and repeatedly transmitted or caused to be transmitted false telephone, facsimile and wire services in repeated violation of 18 U.S.C. Sections 1343 & 1344 (mail fraud and wire fraud).

21. As alleged above, Defendants' pattern of illegal activity, operating as an enterprise, was extensive and continuous, and includes the following predicate acts, which is not an exhaustive list:

(a) The transmission via U.S. mail, electronically and over telephone lines (wire fraud), of fraudulent information, actively concealing the true facts, and the electronic transfer of funds to complete these fraudulent transactions, in violation of 18 U.S.C. Sections 1343 and 1344.

22. Each violation of the aforesaid statutes by Defendants and other participants, known and unknown, constitutes an instance of "racketeering activity within the meaning of 18 U.S.C. Section 1961(1).

23. The acts of racketeering activity by Defendants were interrelated and part of a common and continuous pattern of fraudulent schemes which had and have a real threat of

4

1  continuing, thus constituting a "pattern of racketeering activity within the meaning of 18 U.S.C.
2  Section 1961(5). These acts began in 2012 and continued, on a regular basis, to the present. This
3  activity continues as of this Complaint and, by its history, appears likely to continue into the future.

4      24.    By reason of the foregoing circumstances and events, each and every one of the
5  Defendants and other participants, known or unknown, unlawfully, willfully and knowingly
6  participated, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern
7  of racketeering activity in violation of 18 U.S.C. Section 1962( c)

8      24.    As the proximate cause of the conduct of the enterprise, Plaintiffs have been injured
9  in its property in excess of seventy five thousand ($75,000.00), the jurisdictional limit, as requested
10 in the prayer.

11     25.    Plaintiffs are entitled to recover three-fold (treble) the sum of damages sustained as
12 a result of the unlawful scheme, together with attorneys fees and costs in accordance with 18 U.S.C.
13 Section 1964( c)

### SECOND CLAIM FOR RELIEF

(RICO-Violation of 18 U.S.C. Sec. 1962 (d) by

Conspiracy to Violate 18 U.S.C Section 1962( c))

Against All Defendants

18     26.    Plaintiffs incorporates by reference all the foregoing paragraphs 1 through 25 as
19 though fully set forth herein.

20     27.    By reason of the foregoing circumstances and events, each and every one of the
21 Defendants and other participants, known or unknown, unlawfully, willfully and knowingly
22 conspired to violate the provisions of 18 U.S.C. Section 1962 (d) by unlawfully, willfully and
23 knowingly conspiring to participate, directly and indirectly, in the conduct of the affairs of the
24 enterprise through a pattern of racketeering activity.

25     28.    As the proximate cause of that conduct, Plaintiffs have been injured
26 in its property in excess of seventy five thousand ($75,000.00), the jurisdictional limit, as requested

in the prayer.

29. Plaintiffs are entitled to recover three-fold (treble) the sum of damages sustained as a result of the unlawful scheme, together with attorneys fees and costs in accordance with 18 U.S.C. Section 1964(c)

### THIRD CLAIM OF RELIEF

(Fraud and Deceit)

Against All Defendants

30. Plaintiffs incorporate by reference all the foregoing paragraphs 1 through 29 as if fully set forth herein.

31. Defendants made multiple representations to Plaintiffs during telephone conversations and emails wherein they solicited $1.45 million from Plaintiffs for two Special Situation Investment opportunities to be used for a pediatric facility at North Shore Long Island Jewish Medical Center. Defendants falsely represented and concealed material facts, including the following:

    (a) That the money was to be used by Defendants for the said hospital and that CARRYL CAPITAL MANAGEMENT was investing their own funds as well.

    (b) That the funds were to be used as part of their "Ponzi" scheme for their own personal use.

    (c) That the first Special Situation Investment of $1.25 million had returned a 32.1 % profit and $1,651,250.00 would be wire transferred to Plaintiffs on December 24, 2014.

32. The above representations and concealments were known in fact by Defendants to have been made, to have been false, and were made with knowledge of their falsity.

33. The misrepresentations were made to Plaintiffs. All of the representations were in fact false. Defendants knew at the time of the representations that they were false. Defendants,

themselves and\or through their agents, concealed and suppressed the true facts although the true facts were known to them at the time of the misrepresentations.

34. Plaintiffs relied on the representations by Defendants and the non-existence of the facts suppressed by Defendants with respect to the scheme, and Plaintiffs thereby incurred significant damage as a result of such fraudulent conduct. As a result of Defendants' fraud and deceit, Plaintiffs have been damaged in an amount to be determined at trial. In addition, Defendants acted intentionally, willfully and with the intent to injure Plaintiff, with malice, fraud, and oppression. As a result, Plaintiffs seeks and is entitled to punitive and exemplary damages in an amount sufficient to punish Defendants and to deter such conduct in the future.

## FOURTH CLAIM OF RELIEF

(Breach of Fiduciary Duties)

Against All Defendants

35. Plaintiffs herein incorporate by reference all the foregoing paragraphs 1 through 34 as though fully set forth herein.

36. In or about 2011, Plaintiffs engaged the services of Defendants to act as their investment consultant and to advise Plaintiffs in these matters.

37. In or about January 2012 and again in September 2012, Defendants suggested two Special Situation investments to Plaintiffs totaling $1.45 million. Defendants breached their fiduciary duty to Plaintiffs by misrepresenting what the funds were going to used for and then misappropriating the invested money for their own purposes.

38. As a result of Defendants breach of fiduciary duty, Plaintiffs have been damaged in the sum of $1.45 million, the amount wire transferred to Defendants between January 2012 and September 2012.

39. As a direct, foreseeable and proximate result of Defendants wrongful conduct alleged herein, Plaintiffs have been damaged in the said amount, plus accrued interest and since the the actions of Defendants were committed with fraud, malice and oppression, Plaintiffs seek and is

entitled to punitive damages in an amount to be determined at trial.

## FIFTH CLAIM OF RELIEF

(Conversion)

Against All Defendants

40. Plaintiffs herein incorporate by reference all the foregoing paragraphs 1 through 39 as though fully set forth herein.

41. At all times herein mentioned and in particular in January 2012 and September 2012, Plaintiffs were, and still are, the owners and entitled to the possession of the following personal property: $1.45 million.

42. In or about January 2012 ans again in September 2012, Defendants fabricated and misrepresented facts to Plaintiffs for purposes of securing $1.45 million from Plaintiffs to be used for their own personal use.

43. As a direct result of the actions of Defendants, Plaintiffs have been damaged in the sum of $1.45 million plus interest according to proof.

44. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive and were undertaken to defraud and justify the awarding of exemplary and punitive damages in a sum according to proof.

WHEREFORE, Plaintiffs respectfully seeks the following relief from this Court;

(i)     For actual damages in excess of $75,000.00 in an amount to be proven at trial;

(ii)    For an award of exemplary or punitive damages against Defendants;

(iii)   For reasonable attorneys' fees against Defendants; and

(iiii)  For such further relief as the Court deems just and proper

Dated: October 28, 2014                     ROSEN AND LOEB

                                            By: _____

                                            ALAN L. ROSEN

                                            Attorneys for Plaintiffs