Alan L. Rosen, Esq., State Bar No.: 67328
ROSEN and LOEB
2659 Townsgate Road, Suite 136
Westlake Village, CA 91361
(805) 777-0066; Fax (805) 777-7654

Attorneys for Plaintiff, ROBERT JAFFEE and BARBARA JAFFEE

# UNTIED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAFFEE and BARBARA JAFFEE<br><br>Plaintiff,<br><br>vs.<br><br>RUDOLPH CARRYL aka RUDY CARRYL; CARRYL CAPITAL MANAGEMENT, LLC.; MAUREEN CARRYL; DWAIN CARRYL; ROLSTON CARRYL; VINCENT MARTORANA; CHRISTOPHER BAMGBOYE; THOMAS P. AU; RICHARD EVERETT; OPPENHEIMER & CO. INC.; ANDRE McDONNAUGH; FAHNESTOCK & CO., INC.; FREEDOM INVESTMENTS, INC.; MELTZER, LIPPE, GOLDSTEIN & BREITSTONE; HELENA OPENSHAW; STONE & ASSOCIATES, INC.; YOUR WALL STREET OFFICE, INC.;WP MANAGEMENT CONSULTING, LLC.; BLOOMBERG FINANCE, L.P.; BRADFORD COMPASS; CAROLANNE BARRETT and STEPHEN BARRETT; MARIE G. PIERRE; and DOES 1 through 20, inclusive.<br><br>Defendants. | Case No.   2:15-CV-00113-ODW-AS<br><br>**SECOND AMENDED COMPLAINT FOR**<br><br>1. **RICO-Violation of 18 U.S.C. 1962( c)**<br><br>2. **RICO-Violation of 18 U.S.C. 1962(d) by Conspiracy to Violate Section 1962( c)**<br><br>3. **Fraud and Deceit**<br><br>4. **Breach of Fiduciary Duty**<br><br>5. **Conversion** |

1

SECOND AMENDED COMPLAINT

ROBERT JAFFEE and BARBARA JAFFEE, by its undersigned attorneys, hereby bring this action for RICO violations, Fraud and Deceit, Breach of Fiduciary Duty, Conversion, against RUDOLPH CARRYL aka RUDY CARRYL; CARRYL CAPITAL MANAGEMENT, LLC.; OPPENHEIMER & CO. INC.; FAHNESTOCK & CO., INC.; FREEDOM INVESTMENTS, INC.; and DOES 1 THROUGH 20 inclusive as follows:

## THE PARTIES

1. Plaintiffs ROBERT JAFFEE and BARBARA JAFFEE are husband and wife and residents of the County of Los Angeles in the Central District of California.

2. Plaintiffs are informed and believe and upon that basis allege that Defendant RUDOLPH CARRYL aka RUDY CARRYL was and is a resident of the State of New York and Defendant MAUREEN CARRYL is his wife and also resides in the State of New York. Defendant CARRYL CAPITAL MANAGEMENT is a limited liability company located in the State of New York and which RUDOLPH CARRYL aka RUDY CARRYL is the Managing Member.

3. Defendants OPPENHEIMER & CO., INC., FAHNESTOCK & CO., INC., FREEDOM INVESTMENTS, INC., are entities operating outside the State of California.

4. Plaintiffs are unaware of the true names and capacities of Defendants names herein as DOES 1 through 20, inclusive, and therefore sues them by fictitious names. Plaintiffs are informed and believe that the said DOES are additional individuals or entities that received Plaintiffs funds that were misappropriated and converted by Defendant RUDOLPH CARRYL aka RUDY CARRYL and CARRYL CAPITAL MANAGEMENT, LLC. Leave of the Court will be sought to allege their true names and capacities when they have been ascertained.

## JURISDICTION

5. This court has jurisdiction over the claims for relief in the action under 18 U.S.C. Section 1964(a) and subject matter jurisdiction over the action under 28 U.S.C. 1332 (a) (1).

6. Venue is proper in the District pursuant to 28 U.S.C. 1391(b) (2).

## FACTUAL BACKGROUND

7. In or about July 2011, when Plaintiffs were looking for a new investment advisor to handle their portfolio, they were introduced to Defendant RUDOLPH CARRYL ("CARRYL") of CARRYL CAPITAL MANAGEMENT, LLC. ("CCM") and after several meetings with CARRYL to discuss investment philosophies, Plaintiffs transferred their portfolio to said Defendants.

8. On or about January 23, 2012, CARRYL, by phone and email, solicited from Plaintiffs, a "Special Situation Investment" for a pediatric healthcare facility to be built at the North Shore Long Island Jewish Medical Center, where CARRYL was a long term trustee and at one time headed up the finance committee. CARRYL also advised that CCM would also be investing in the project and the investment would return a handsome profit of at least thirty (30%) percent and would be returned to Plaintiffs in November 2012.

9. Relying on the representations of CARRYL, on or about January 27, 2012, Plaintiffs wire transferred to CCM's bank account at Wells Fargo Bank the sum of $1.25 million.

10. On or about September 11, 2012, CARRYL again solicited from Plaintiffs a second "Special Situation Investment" opportunity to again invest in the Medical Center and represented

that this investment would yield at least ten (10%) percent and would be returned by December 2012, just three (3) months later.

11. Again relying on the representations of CARRYL, Plaintiffs wire transferred another $200,000.00 on September 13, 2012 to CCM's bank account at Wells Fargo.

12. On December 10, 2012, Plaintiffs received an email from CARRYL wherein he advised that the Special Situation Investment of $1.25 million from January 2012 had returned 32.1 % over the ten (10) month period which translated into a gain of $401,250.00 and funds totaling $1,651,250.00 would be wired to Plaintiffs bank account on December 24, 2012.

13. As of this date, the funds which were to be wired on December 24, 2012 by CARRYL have not been received nor has there been a return of the $200,000.00 investment from September 2012.

14. Between December 27, 2012 and March 31, 2013, Plaintiffs made numerous demands upon Defendants for return of their funds, but Defendant CARRYL made up various excuses and has failed and refused and continues to fail and refuse to return Plaintiffs funds.

15. Plaintiffs are informed and believe that there NEVER was any Special Situation Investments for the North Shore Long Island Jewish Medical Center and the solicitations by CARRYL in January 2012 and September 2012 were for the express purpose of securing Plaintiffs funds under false pretenses so that Defendant CARRYL could pay his personal debts and CCM's business debts to third parties.

16. In addition to CARRYL and CCM, Defendants OPPENHEIMER & CO. INC.; FAHNESTOCK & CO., INC.; FREEDOM INVESTMENTS, INC.; and DOES 1 THROUGH 20

inclusive, all received funds from the Wells Fargo account after the two wire transfers from Plaintiffs and Plaintiffs have made demand on these other Defendants for return of the misappropriated and converted funds received from CARRYL and they have failed and refused to take said action.

**FIRST CLAIM FOR RELIEF**

(RICO-Violation of 18 U.S.C. 1962 ( c) )
Against Rudy Carryl and Carryl Capital
Management, LLC. and DOES 1 through 20

17. Plaintiffs incorporate by reference all the foregoing paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiffs are "persons" within the meaning of 18 U.S.C. Section 1961 (3) and 1964 ( c).

19. Each and every one of the Defendants and other participants, known or unknown, are and at all times relevant hereto, have a "person" or "persons" within the meaning of 18 U.S.C. Sections 1961(3) and 1964 (b).

20. Each and every one of the Defendants and other participants, known or unknown, were at all times herein an "enterprise" associated in fact within the meaning of 18 U.S.C. Section 1961(4) and 1962, which was engaged in and the activities of which affected interstate commerce at all relevant times to this First Amended Complaint.

21. For the purpose of executing, attempting to execute and in furtherance of the above-described scheme, during the year 2012, Defendants and other participants, known and unknown, knowingly and repeatedly transmitted or caused to be transmitted false telephone, facsimile, emails

and wire services in repeated violation of 18 U.S.C. Sections 1343 & 1344 (mail fraud and wire fraud).

22. As alleged above, Defendants pattern of illegal activity, operating as an enterprise, was extensive and continuous, and includes the following predicate acts, which is not an exhaustive list:

(a) The transmission via U.S. mail, electronically and over telephone lines (wire fraud), of fraudulent information, actively concealing true facts, and the electronic transfer of funds to complete these fraudulent transactions, in violation of 18 U.S.C. Sections 1343 and 1344.

23. Each violation of the aforesaid statutes by Defendants and other participants, known and unknown, constitutes an instance of racketeering activity within the meaning of 18 U.S.C. Section 1961(1).

24. The acts of racketeering activity by Defendants were interrelated and part of a common and continuous pattern of fraudulent schemes which had and have a real threat of continuing a "pattern of racketeering activity within the meaning of 18 U.S.C. Section 1961 (5). These acts began in 2012 and continued, on a regular basis, to the present. This activity continues as of this Complaint and, by its history, appears likely to continue into the future.

25. By reason of the foregoing circumstances and events, each and every one of the Defendants and other participants, known or unknown, unlawfully, willfully and knowingly participated, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. Section 1962 ( c).

26. As a proximate cause of the conduct of the enterprise, Plaintiffs have been injured in its property in excess of seventy five thousand ($75,000.00), the jurisdictional limit.

27. Plaintiffs are entitled to recover three-fold (treble) the sum of damages sustained as a result of the unlawful scheme, together with attorneys fees and costs in accordance with 18 U.S.C. Section 1964 ( c).

## SECOND CLAIM FOR RELIEF

(RICO-Violation of 18 U.S.C. Sec. 1962 (d) by
Conspiracy to Violate 18 U.S.C. Section 1962 ( c))
Against Rudy Carryl and Carryl Capital
Management, LLC. and DOES 1 through 20

28. Plaintiffs incorporate by reference all the foregoing paragraphs 1 through 27 as though fully set forth herein.

29. By reason of the foregoing circumstances and events, each and every one of the Defendants and other participants, known or unknown, unlawfully, willfully and knowingly conspired to violate the provisions of 18 U.S.C. Section 1962 (d) by unlawfully, willfully and knowingly conspiring to participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

30. As the proximate cause of that conduct, Plaintiffs have been injured in it property in excess of seventy five thousand (75,000.00), the jurisdictional limit, as requested in the prayer.

31. Plaintiffs are entitled to recover three-fold (treble) the sum of damages sustained as a result of the unlawful scheme, together with attorneys fees and costs in accordance with 18 U.S.C. Section 1964 ( c).

## THIRD CLAIM FOR RELIEF

(Fraud and Deceit)
Against Rudy Carryl and Carryl Capital
Management, LLC. and DOES 1 through 10

32. Plaintiffs incorporate by reference all the foregoing paragraphs 1 through 16 as if fully set forth herein.

33. Defendants made multiple representations to Plaintiffs during telephone conversations and emails wherein they solicited $1.45 million from Plaintiffs for two Special Situation Investment opportunities to be used for a pediatric healthcare facility at North Shore Long Island Jewish Medical Center. Defendants falsely represented and concealed material facts, including the following:

(a) That the money was to be used by Defendants for the said hospital.

(b) That Carryl Capital Management was investing its money as well;

(c) That Plaintiffs money would be used for two Special Situation Investment for a Pediatric Healthcare Facility at the said medical Center;

(d) That the money was going to be used by Defendants for their own personal use.

(e) That the first Special Situation Investment of $1.25 million had returned a 32.1% profit and $1,651,250.00 would be wire transferred to Plaintiffs on December 24, 2012.

34. The above representations and concealment were known in fact by Defendants to have been made, to have been false, and were made with knowledge of their falsity.

35. The misrepresentations were made to Plaintiffs. All of the representations were in fact false. Defendants knew at the time of the representations that they were false. Defendants, themselves and\or through their agents, concealed and suppressed the true facts although the true facts were known to them at the time of the misrepresentations.

36. Plaintiffs relied on the representations by Defendants and the non-existence of the facts suppressed by Defendants with respect to the scheme, and Plaintiffs thereby incurred significant damage as a result of the fraudulent conduct. As a result of Defendants' fraud and deceit, Plaintiffs have been damaged in an amount to be determined at trial. In addition, Defendants acted intentionally, wilfully and with the intent to injure Plaintiffs, with malice, fraud, and oppression. As a result, Plaintiffs seek and are entitled to punitive and exemplary damages in an amount sufficient to punish Defendants and to deter such conduct in the future.

## FOURTH CLAIM OF RELIEF

(Breach of Fiduciary Duty)
Against Rudy Carryl and Carryl Capital
Management, LLC. and DOES 1 through 10

37. Plaintiffs herein incorporate by reference all the foregoing paragraphs 1 through 36 as though fully set forth herein.

38. In or about January 2012 and again in September 2012, Defendants suggested two Special Situation Investments to Plaintiffs totaling $1.45 million. Defendants breached their

fiduciary duty to Plaintiffs by misrepresenting that their was any Special Situation Investments and then using the funds received for their own purposes without the permission or authorization of Plaintiffs.

39. As a result of Defendants breach of fiduciary duty, Plaintiffs have been damaged in the sum of $1.45 million, the amount wire transferred to Defendants between January 2012 and September 2012.

40. As a direct, foreseeable and proximate result of Defendants wrongful conduct alleged herein, Plaintiffs have been damaged in said amount, plus accrued interest and since the actions of Defendants were committed with fraud, malice and oppression, Plaintiffs seek and are entitled to punitive damages in an amount to be determined at trial.

### **FIFTH CLAIM OF RELIEF**

(Conversion)
Against All Defendants

41. Plaintiffs herein incorporate all the foregoing paragraphs 1 through 16 as though fully set forth herein.

42. At all times herein mentioned and in particular in January 2012 and September 2012, Plaintiffs were, and still are, the owners and entitled to the possession of the following personal property: $1.45 million that was wire transferred to Wells Fargo Bank, Account No. 3267260424 at the request of Defendants CARRYL and CCM, LLC.

43. On or about February 1, 2012, Defendants CARRYL and CCM, LLC. prepared and

issued a check in the sum of $928,000.00 drawn on the said Wells Fargo Account, No. 3267260424 where Plaintiffs funds had been deposited, payable to Defendant FREEDOM INVESTMENTS for deposit into the account of RUDOLPH and MAUREEN CARRYL. Said check was deposited in the Bank of Mellon in the name of FAHNESTOCK & CO., INC. FBO FREEDOM INVESTMENTS. Plaintiffs are informed and believe that OPPENHEIMER & CO., INC. has acquired the assets of FAHNESTOCK and FREEDOM. A true and correct copy of the Check issued to Freedom Investments is attached hereto and labeled Exhibit "A" and incorporated herein by reference.

44. Plaintiffs are informed and believe and upon that basis allege that the account that was maintained by RUDOLPH CARRYL and MAUREEN CARRYL at FREEDOM INVESTMENTS Account No. A661022739 was a margin account and that the $928,000.00 was deposited either as collateral for the account and subsequently taken by said Defendants FREEDOM, FAHNESTOCK or OPPENHEIMER to meet margin calls of the CARRYLS for trades made by them or was payment to Defendants FREEDOM, FAHNESTOCK or OPPENHEIMER for margin calls on trades made by the CARRYLS before February 3, 2012.

45. Plaintiffs have made demand for return of the funds, but as of this date, none of the Defendants have returned any portion of the funds.

46. As a direct result of the actions of Defendants, and each of them, Plaintiffs have been damaged in the sum of $928,000.00 plus interest according to proof.

47. The aforementioned acts of Defendants were willful, wanton, malicious and oppressive and were undertaken to defraud and justify the awarding of exemplary and punitive damages in a sum according to proof.

WHEREFORE, Plaintiffs respectfully seeks the following relief form this court:

(i) For actual damages in excess of $75,000.00 in an amount to be proven at trial:

(ii) For interest according to proof;

(iii) For exemplary or punitive damages against Defendants;

(iv) For reasonable attorneys fees and costs against Defendants for pursuing converted property of Plaintiffs

(v) For such other and Further relief as the Court may deem just and proper

Dated: July 1, 2016                                  ROSEN and LOEB

                                                    By: _____
                                                    ALAN L. ROSEN
                                                    Attorney for Plaintiffs

EXHIBIT A

DEPOSIT TO ACCOUNT OF
RUDOLPH & MAUREEN CARRYL
# A661022739

1-1268/260 9015

Date 2/1/2012

PAY to the order of Freedom Investments    $ 928,000.00

Nine Hundred Twenty Eight Thousand ———— Dollars

Wells Fargo Bank, N.A.
New York
wellsfargo.com

For Acct. # A661022739    Rudolph J. Carryl

⑆026012881⑆ 3267260424⑈ ⑆0092800000⑈

ENDORSE HERE

PAY TO THE ORDER OF
THE BANK OF NEW YORK
NEW YORK NY 10286-0001
FOR DEPOSIT ONLY
FAHNESTOCK & CO INC
FBO FREEDOM INVESTMENTS
A/C# 8900524340

FEB -3 '12

REQUEST 00006225279000000 928000.00
ROLL ECIA   20120203  000008827361085
JOB ECIA E  ACCT 3480003267260424
REQUESTOR X817646
13598519 10/05/2015 Research 13598751

Subpoena Processing Chandler
S3928-020
Phoenix AZ 85038

RC000067